United States Courts
Southern District of Texas
FILED

NOV 18 2019

David J. Bradley, Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. _ **19 CR 834** |
| § | |
| NICOLE GREGORIO § | |
| Defendant § | |

## INFORMATION

The United States Attorney charges:

At all times material to this Information:

### COUNT ONE
### Conspiracy to Commit Health Care Fraud
### (18 U.S.C. § 1349)

### INTRODUCTION

### THE MEDICARE PROGRAM

1. The Medicare Program ("Medicare") was a federally funded health insurance program that provided health care benefits to certain individuals, primarily the elderly, blind, and disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS") an agency of the United States Department of Health and Human Services ("AHHS"). Individuals who received benefits under Medicare were often referred to as Medicare "beneficiaries."

2.    Medicare was a "health care benefit program" as defined by Title 18, United States Code, Section 24(b).

3.    Medicare Part B helped pay for certain physician services, outpatient services, and other services, including diagnostic testing, etc. that were medically necessary and were ordered by licensed medical doctors or other qualified health care providers.

4.    The Medicare program paid for home health services only if the beneficiary qualified for home healthcare benefits.  Services were covered only if:

a. the beneficiary was confined to the home, also referred to as homebound;

b. the patient was under the care of a physician who specifically determined there was a need for home healthcare and established a Plan of Care ("POC"); and

c. the determining physician signed a certification statement specifying that:

i. the beneficiary needed intermittent skilled nursing services, physical therapy, or speech therapy;

ii. the beneficiary was confined to the home;

iii. a POC for furnishing services was established and periodically reviewed; and

2

iv. the services were furnished while the beneficiary was under the care of the physician who established the POC.

## THE DEFENDANT

5.    NICOLE GREGORIO, defendant herein, was the owner of Gregorio Healthcare Systems and resided in Houston, Texas.

## THE CONSPIRACY

6.    Beginning in or about June 2014, the exact time being unknown and continuing thereafter to in or about August 2017, in the Houston Division of the Southern District of Texas and elsewhere, defendant,

## NICOLE GREGORIO,

did knowingly and willfully combine, conspire, confederate and agree with other persons known and unknown to the grand jury to commit and aid and abet certain offenses against the United States:

To violate the Health Care Fraud statute, that is, to knowingly and willfully execute and attempt to execute, a scheme and artifice: (1) to defraud a health care benefit program; namely the Medicare and Medicaid programs; and (2) to obtain, by means of material false and fraudulent pretenses, representations, and promises, money and property owned by, or under the custody and control of, a health care benefit program, namely Medicare and Medicaid, in connection with

3

the delivery of and payment for health care benefits, items and services, violation of Title 18, United States Code Section 1347.

## OBJECT OF THE CONSPIRACY

7.    It was an object of the conspiracy that the defendant and others known and unknown unlawfully enrich themselves by falsely and fraudulently representing to Medicare that certain services and procedures were performed for Medicare beneficiaries when in fact the defendant and others known and unknown knew the services and procedures were not being performed or not medically necessary.

## MANNER AND MEANS

It was a part of the conspiracy that:

8.    Defendant NICOLE GREGORIO would and did own Gregorio Healthcare Systems, which is located in Houston, Texas in the Southern District of Texas.

9.    Defendant NICOLE GREGORIO would and did use Gregorio Healthcare Systems to falsely certify beneficiaries for home health services in return for payment.

10.    Defendant NICOLE GREGORIO would and did use Gregorio Healthcare Systems to provide home health agencies plans of care, patient face

4

sheets, and other home health certification forms signed by C.D. in exchange for kickbacks.

11.    Defendant NICOLE GREGORIO saw the patients referred by the home health agencies to certify them for home health and not C.D., which was against Medicare regulations because the defendant was not qualified.

12.    Defendant NICOLE GREGORIO knew that these home health agencies used these certifications to falsely bill Medicare.

13.    Defendant NICOLE GREGORIO would and did use Gregorio Healthcare Systems to bill Medicare for $191,209.86 for medical services that were not provided by C.D.   Medicare paid NICOLE GREGORIO $101,445.99 for these services.

All in violation of Title 18, United States Code, Section 1349.

## NOTICE OF FORFEITURE
### (18 U.S.C. § 982(a)(7))

Pursuant to Title 18, United States Code, Section 982(a)(7), the United States gives notice to the defendant,

**NICOLE GREGORIO,**

that upon conviction for a violation of Title 18, United States Code, Section 1349 all property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to such offense, is subject to forfeiture.

5

## **Money Judgment and Substitute Assets**

The United States will seek the imposition of a money judgment against the defendant. In the event that a condition listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of the defendant in substitution up to the amount of the money judgment.

RYAN K. PATRICK
United States Attorney


Rodolfo Ramirez
Assistant United States Attorney